UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| APRIL J. MICHLES, | Case No. ED CV 14-00343 (AS) |
| Plaintiff, | **MEMORANDUM OPINION AND** |
| v. | **ORDER OF REMAND** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On February 24, 2014, Plaintiff filed a Complaint seeking review of the denial of her application for Disability Insurance Benefits. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 7-8). On June 30, 2014, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 11-12). The parties filed a Joint Position Statement ("Joint Stip.") on December 18, 2014,

setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 20).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed February 27, 2014 (Docket Entry No. 5).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On August 28, 2008, Plaintiff, formerly employed as a customer service representative at Mervyn's and a quality assurance and fingerprint clerk at an applicant support center, and currently serving as a volunteer school aide at her church, (see AR 16, 39-41, 43, 253), filed an application for Disability Insurance Benefits, alleging an inability to work since August 16, 2004. (AR 220-21).

On October 14, 2010, the Administrative Law Judge, Charles E. Stevenson ("ALJ Stevenson"), heard testimony from Plaintiff, medical expert Sami A. Nafoosi, and vocational expert Alan Boroskin. (AR 81-99). On December 3, 2010, ALJ Stevenson issued a decision denying Plaintiff's application. (AR 105-17). After determining that Plaintiff had severe impairments -- "disorder of the cervical spine by disc bulge; disorder of the lumbar spine by disc bulging; status post hysterectomy; irritable bowel syndrome, stable; anxiety; and depression (AR 107-08)[1] --, ALJ Stevenson found that Plaintiff had the residual functional capacity[2] ("RFC") to perform light work[3] with the following limitations:

---

[1] The ALJ found that carpal tunnel syndrome in the right hand and "tennis elbow" in the left hand were not medically determinable impairments. (AR 108).

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time
(continued...)

2

lifting/carrying 20 pounds occasionally and 10 pounds frequently; sitting 8 hours in an 8-hour workday; standing/walking 6 hours in an 8-hour workday; allowed to change positions for 1 to 3 minutes every hour; occasional bending, stooping, crouching, crawling, kneeling; occasional working above-shoulder level with either upper extremity; and access to restroom facilities within 100 yards of the work site. (AR 110-16). Finding that Plaintiff could perform her past relevant work as a fingerprinting clerk and administrative clerk, ALJ Stevenson found that Plaintiff was not disabled from August 16, 2004 through March 31, 2010 (the date last insured) within the meaning of the Social Security Act. (AR 116-17).

Plaintiff requested that the Appeal's Council review the ALJ's December 3, 2010 Decision. (AR 136). On March 12, 2012, the Appeals Council remanded the matter in order for the ALJ to do the following: (1) "[A]rticulate in work related terms how the claimant's moderate limitations with regard to concentration, persistence or pace would impact her ability to perform [fingerprinting clerk and administrative clerk] jobs or other work available in the national economy"; (2) "Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations"; and (3) "Further evaluate whether the claimant has any past relevant work". (AR 123-24).

On September 6, 2012, another Administrative Law Judge ("ALJ"), Tamara Turner-Jones, heard testimony from Plaintiff and vocational expert Gloria Lasoff. (AR 35-78). On November 2, 2012, ALJ Turner-Jones issued a decision denying Plaintiff's application. (AR 11-21). After finding that Plaintiff had the same severe impairments as before

---

[3] (...continued)
with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

(AR 14), the ALJ found that Plaintiff had the RFC to perform light work in that she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for 6 hours out of an 8-hour workday with regular breaks; can sit for 6 hours out of an 8-hour workday with regular breaks; occasionally kneel, stoop, crawl and crouch; can occasionally climb ramps and stairs (but never climb ladders, ropes or scaffolds); can frequently use the right hand for gross and fine manipulation; no restriction in her use of the left upper extremity; occasionally reach overhead bilaterally; can frequently fully rotate her neck from side to side; should avoid exposure to extremely cold temperatures, unprotected heights and dangerous moving machinery; can sustain concentration and attention, persistence and pace in at least two hour blocks of time; can interact appropriately with co-workers and supervisors (but needs casual, non-intense interaction with the general public); is limited to simple, routine and repetitive tasks, due to a low tolerance for stress; needs a work environment with access to a bathroom within 50 feet; needs an environment with no fast-paced production requirements or assembly line work; and needs a cane for prolonged walking and/or walking on moving or uneven surfaces. (AR 15-19). After finding that Plaintiff was unable to perform any past relevant work (AR 19), the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, and therefore that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 20-21).

Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 5). The request was denied on February 4, 2014. (AR 1-3). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to properly: (1) assess the credibility of Plaintiff's complaints and of Plaintiff's husband's statements; and (2) develop and consider the vocational issues in this case. (See Joint Stip. at 3-7, 16-22).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second claim of error.

**A. The ALJ Failed to Properly Assess Plaintiff's Credibility and Plaintiff's Husband's Credibility**

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for rejecting her complaints. Plaintiff further asserts that the ALJ failed to provide any reason for rejecting Plaintiff's husband's supportive statements. (See Joint Stip. at 4-7). Defendant asserts that the ALJ provided specific reasons for finding Plaintiff not fully credible. Defendant further asserts that any error by the ALJ in failing to assess Plaintiff's husband's credibility was harmless. (See Joint Stip. at 4-16).

In the section concerning Plaintiff's RFC, the ALJ stated, "The claimant's testimony from the prior hearing, as well as the summary, weighing and analysis of the function reports and pain questionnaire's [sic] submitted in connection with the claimant's application, are included by reference herein[.]" (AR 16).

5

After summarizing Plaintiff's testimony at the more recent (September 6, 2012) administrative hearing concerning her symptoms and limitations (see AR 16-17), the ALJ stated: "The undersigned finds the claimant's allegations concerning the intensity, persistence and limiting effects of her symptoms are less than fully credible. The allegations of disabling back, neck and shoulder pain, irritable bowel syndrome, GERD and stress are inconsistent with the objective medical evidence, which indicates an attempt by the claimant to exaggerate the severity of her symptoms." (AR 17-18).

After noting that "[t]he prior decision clearly outlined why the claimant's alleged physical impairments are not disabling, mainly citing that the severity alleged by the claimant was not supported by the record as a whole, relying on the testimony of medical expert Dr. Nafoosi" (AR 18), the ALJ noted that, based on the Appeals Council's Order of remand, the ALJ was going to focus on Plaintiff's alleged mental limitations. (AR 18).

Following a summary of Plaintiff's testimony about stress related to working with others, the ALJ concluded: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment." (Id.).

A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of the subjective symptoms. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may reject the

6

claimant's testimony regarding the severity of his pain and symptoms only by articulating specific, clear and convincing reasons for doing so. Brown-Hunter v. Colvin, __ F.3d __, 2015 WL 462013 * 5 (August 5, 2015) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)); see also Smolen v. Chater, supra; Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). Because the ALJ does not cite to any evidence in the record of malingering, the "clear and convincing" standard stated above applies.

Here, the ALJ failed to provide clear and convincing reasons for her finding that Plaintiff's testimony about the intensity, persistence and limiting effects of the symptoms was not fully credible.

The Court rejects Defendant's assertion (see Joint Stip. at 9-11), that the ALJ's finding about Plaintiff's credibility was related to ALJ Stevenson's earlier finding about Plaintiff's credibility. While the ALJ was aware of ALJ Stevenson's credibility analysis (see AR 16, 18), the ALJ did not expressly rely on, or incorporate by reference, that analysis in making a determination of Plaintiff's credibility with regard to her testimony at the *recent* administrative hearing. Thus, the reasons given by ALJ Stevenson for finding that Plaintiff was not fully credible have no bearing on whether the ALJ provided clear and convincing reasons for finding Plaintiff not fully credible with respect to the testimony that was provided at the September 6, 2012 hearing.[4]

The one and only reason given by the ALJ -- the lack of objective medical evidence for Plaintiff's limitations (see AR 17-19) -- cannot, by itself, support the credibility finding. See Rollins v. Massanari,

---

[4] The Court will not consider reasons for finding Plaintiff not fully credible (see Joint Stip. at 9-14) that were not given by the ALJ in the 2012 Decision. See Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v. Chenery Corp., 332 US 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

261 F.3d 853, 857 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).

In addition, the ALJ erred in failing to give germane reasons for finding Plaintiff's husband's testimony did not credible. See Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008); Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006); Smolen v. Chater, supra, 80 F.3d at 1288-89. The ALJ did not even mention Plaintiff's husband's testimony about her symptoms and limitations (see AR 259-66, 289-96), which was appropriate lay witness testimony. See Valentine v. Commissioner Social Security Admin., 574 F.3d 685, 694-95 (9th Cir. 2009) ("[F[riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [his or] her condition."); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)("[D]escriptions by friends and family members in a position to observe [Plaintiff's] symptoms and daily activities have routinely been treated as competent evidence."). Contrary to Defendant's assertion (see Joint Stip. at 14-16), the ALJ's error in not assessing Plaintiff's husband's testimony is not harmless because, as discussed above, the ALJ did not provide proper reasons for finding Plaintiff not fully credible. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008 (an ALJ's error is harmless "when it is clear from the record . . . that it was 'inconsequential to the ultimate nondisability determination.'"); see also Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012)("Because the ALJ had validly rejected all the limitations described the lay witnesses in discussing Molina's testimony, we are confident that the ALJ's failure to give specific witness-by-witness reasons for rejecting the lay testimony did not alter the ultimate nondisability determination.").

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.

Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly assess Plaintiff's credibility and Plaintiff's husband's credibility, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[5]

///
///
///

---

[5] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claim regarding the ALJ's development and consideration of the vocational issues in this case (see Joint Stip. at 16-22). Because this matter is being remanded for further consideration, this issue should also be considered on remand, if necessary.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 2, 2015

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
